Commonwealth *v.* Thompson, Appellant.

Argued January 19, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

314

*Stanley M. Shingles*, with him *Fineman and Fineman*, for appellant.

*J. Bruce McKissock*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:

In this appeal, appellant Ervin Thompson asserts, inter alia, that he was denied the fundamentals of due process at his nonjury trial because he was foreclosed from presenting evidence on his behalf. Our examination of the record reveals appellant's trial fell below requisite minimum standards of due process, and accordingly a new trial is ordered.

The circumstances surrounding appellant's conviction are as follows. Thompson was indicted on charges of carrying a concealed deadly weapon and larceny of a motor vehicle. He pleaded not guilty on the larceny bill, and a demurrer was eventually sustained on the weapons charge.

At his trial, appellant was represented by court-appointed counsel. The Commonwealth called three witnesses. James Harris, the owner of the stolen motor vehicle, testified as to the events on the evening of June 18, 1965 when he discovered the theft. Officer John Smith, the arresting officer, gave evidence concerning the circumstances which led him to apprehend appel-

lant. Detective Ralph Bozini, who had been assigned to investigate the case, testified over objection as to certain statements allegedly made by appellant concerning the ownership of an automatic gun confiscated when appellant was arrested.

After the demurrer to the weapons charge was sustained, appellant attempted to put on his evidence. The record discloses the following: "ERVIN THOMPSON, being duly sworn, was examined and testified as follows: BY MR. HOGAN: Q. Where do you reside? A. 568 Washington Avenue. Q. Philadelphia, Pennsylvania? A. Yes. Q. What is your age? A. 19 years old. Q. You have heard the testimony that you were found on June 18 in possession of a car which had been reported stolen? A. Yes. Q. Will you explain to his Honor how you got possession of the car? A. I got off at Washington Avenue. Q. Explain it. A. I got off at Washington Avenue, and went into a bar, and I found some boys, and I met a Willie Price, and I had put him off at the bar. Then I took my girl friend to my mother's house, and that is where I got arrested. Q. You originally took these keys from the street? A. Yes. BY THE COURT: Q. You no doubt had the keys? A. The keys were in the car. THE COURT: The verdict is guilty of larceny, and on Bill 238 the sentence is to the reformatory at Camp Hill. TESTIMONY CLOSED."

In February, 1969, appellant filed a petition pursuant to the Post Conviction Hearing Act, asserting, among other things, he had not been informed of his right of appeal, he had been denied the effective assistance of counsel, and his constitutional rights had been abridged. After a hearing, appellant was allowed to file motions for a new trial and in arrest of judgment as though timely filed. The motions were denied on April 24, 1969. Leave to appeal the judgment of sentence again was granted by the Superior Court on

March 3, 1970. The judgment of sentence was affirmed by the hearing court, and the Superior Court affirmed per curiam without opinion on August 18, 1970. We granted allocatur.

Our review of the record leaves us with little doubt that appellant's trial failed to satisfy the fundamental requisites of due process in our criminal system. As the above record excerpt demonstrates, appellant was not afforded an opportunity to present fully his version of events which led to his arrest, nor was he permitted to call witnesses on his behalf or to have his counsel make argument to the court.

While not capable of exact definition, the basic elements of procedural due process are adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case. See *Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 895, 81 S. Ct. 1743, 1748-49 (1961); *Conestoga National Bank of Lancaster v. Patterson*, 442 Pa. 289, 294-95, 275 A. 2d 6, 8-9 (1971); *Commonwealth ex rel. Light v. Maroney*, 413 Pa. 254, 257, 196 A. 2d 659, 661 (1964); *Wiley v. Woods*, 393 Pa. 341, 351, 141 A. 2d 844, 849-50 (1958). "'Neither man nor child can be allowed to stand condemned by methods which flout constitutional requirements of due process of law.'" *McKeiver v. Pennsylvania*, 403 U.S. 528, 531, 91 S. Ct. 1976, 1979 (1971). The proceeding in which appellant was adjudged guilty did not embrace the fundamental conception of a fair trial, with opportunity to be heard.

The Commonwealth urges that since appellant's counsel did not object to the trial court's abrupt termination of the proceedings and adjudication of guilt, he cannot be heard now to complain of the lack of opportunity to defend himself. We are unmoved by this argument, for appellant additionally asserts, with some justification, that he was denied the effective assistance

of counsel. Cf. *Commonwealth v. Hill*, 444 Pa. 75, 279 A. 2d 170 (1971); *Commonwealth v. Seymour*, 436 Pa. 159, 259 A. 2d 676 (1969).

The order of the Superior Court is reversed, the judgment of sentence is vacated, and a new trial is ordered.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I join in the opinion of the Court on the merits of this appeal, but believe the Court is mistaken in its stated reason for hearing the appeal, as given in the last paragraph.

While appellant's counsel did not object to the court's action, this is not claimed by appellant to have been a denial of the effective assistance of counsel; on the contrary, appellant's brief indicates that trial counsel acted properly under the circumstances. In my view, the justification of this Court to hear the appeal when the matter now complained of was not objected to below is that the error involved was basic and fundamental. The result was that the trial, in the words of the majority opinion, "failed to satisfy the fundamental requisites of due process in our criminal system." This is, therefore, exactly the kind of rare situation which our "basic and fundamental error" rule was designed to protect against. See, e.g., *Commonwealth v. Jennings*, 442 Pa. 18, 274 A. 2d 767 (1971); *Commonwealth v. Williams*, 432 Pa. 557, 563-64, 248 A. 2d 301 (1968).

Mr. Justice EAGEN and Mr. Justice BARBIERI join in this opinion.