## Commonwealth v. Ledsome (No. 2)

*Harry C. Fithian, Jr., District Attorney,* for Commonwealth.

*Peter T. Campana, Public Defender,* for defendant.

GREEVY, *P. J.,* September 11, 1974—This case comes before us on Paul Ivan Ledsome's petition under the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, sec. 3, as amended, 19 PS §1180-3, alleging that (1) evidence introduced at trial was obtained by an unconstitutional search and seizure and (2) that he was denied the right to representation by competent counsel.

Pursuant to this petition, the court granted a rule on the Commonwealth to show cause why petitioner should not be granted a hearing. It is this matter which we now consider.

## DISCUSSION

Under section 4 of the act, a petitioner may not raise issues in a subsequent PCHA petition which have been finally litigated. An issue is finally litigated if the trial court or the Superior Court "has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals."

Petitioner was granted the right to file post trial motions nunc pro tunc on March 6, 1972. Counsel was appointed and defendant filed a motion in arrest of judgment and a motion for a new trial. One of the reasons set forth was that the seizure of personal property from defendant's automobile was in violation of defendant's constitutional rights. In ruling on the motions, this court specifically dealt with the search of petitioner's automobile, the basis of his claim here, and held that his constitutional rights had not been violated: Commonwealth v. Ledsome, 13 Lyc. 10 (1973). Subsequently, petitioner appealed and in a per curiam opinion the judgment of sentence was affirmed: Commonwealth v. Ledsome, 228 Pa. Superior Ct. 826 (1974). No appeal was filed from this decision.

Section 4(c) of the act establishes a rebuttable presumption that "a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." Here, the petition alleges as error only facts which relate to matters occurring before the trial in 1962. The allegations do not contain one iota of grounds which would rebut the presumption of a knowing and understanding failure to appeal a ruling.

Under these circumstances we find that, from

the face of the record before us, the matter has been finally litigated and find no necessity to hold an evidentiary hearing on this issue.

Likewise, with respect to petitioner's claim of a denial of his right to representation by competent counsel, we find an evidentiary hearing unnecessary.

In a prior PCHA petition filed June 12, 1968, the same allegation was set forth. This court appointed counsel to represent petitioner in the matter. Subsequently, petitioner was denied relief of his initial petition: Commonwealth v. Ledsome, 11 Lyc. 95 (1968). On appeal this decision was affirmed: Commonwealth v. Ledsome, 214 Pa. Superior Ct. 722 (1969). No further appeals were filed.

Furthermore, on petitioner's appeal from our decision on his nunc pro tunc motions (Commonwealth v. Ledsome, 13 Lyc. 10 (1973)) the following excerpt appears in the Commonwealth's brief:

"Defense counsel's strategy is not attacking the tools prior to or during trial may well have been based on his opinion that since there was no facial identification of the defendant at the scene of the crimes, and his alibi evidence to establish that the defendant was not present at the time the crimes were committed, would result in a not guilty verdict. In Commonwealth v. Snyder, 427 Pa. 83, 94, 233 A. 2d 531, 536 (1967), the Court, on the question of trial strategy, stated:

"'Our conclusion finds support in federal cases. Stressing that "counsel must be the manager of the law suit," the court in Nelson v. California, 346 F. 2d 73, 81 (9th Cir.) cert. denied 382 U.S. 964, 86 S. Ct. 452, 15 L. Ed. 2d 367 (1965) found that strategic reasons prompting counsel not to chal-

lenge either an arrest or search resulted in a deliberate by-pass binding upon his client.'"

From this it is clear that the precise issue now raised was before the appellate court where our decision was affirmed: Commonwealth v. Ledsome, 228 Pa. Superior Ct. 826 (1974). No appeal was taken from the Superior Court decision.

Petitioner now advances the same grounds on a new theory. This he cannot do: Commonwealth v. Wilson, 452 Pa. 376 (1973); Commonwealth v. Black, 433 Pa. 150 (1969).

"When a claim for relief which would be valid if proved is not asserted in a first counselled PCHA hearing, it is presumed under Section 4 of the Act that the failure to do so was knowing and understanding. A showing of 'extraordinary circumstances' is required to rebut the presumptions . . . [citations omitted]. Accordingly, in a second or subsequent post conviction proceeding, a petitioner must aver not only his substantive claim for relief, but also some facts which, if proved, would surmount the waiver obstacle; otherwise, the hearing court may properly dismiss the petition without an evidentiary hearing:" Commonwealth v. Hill, 444 Pa. 75, 78 (1971).

Petitioner has not alleged the existence of any extraordinary circumstances as to why he failed to raise the precise issue with respect to inadequate representations that is presented in the instant petition. Absent such a showing, petitioner is unable to rebut the presumptions of section 4 of the act.

Full and evidentiary hearings upon the questions of fact raised in the instant petition having been

previously heard and disposed of, there is no reason to hold an evidentiary hearing.

On the basis of the foregoing we make the following

### ORDER

And now, September 11, 1974, the rule to show cause is hereby dismissed and petitioner's prayer is denied.