450 A.2d 65

**COMMONWEALTH of Pennsylvania**

v.

**Charles GARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1981.

Filed Aug. 27, 1982.

556

Louis J. Presenza, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends the lower court erred in summarily dismissing his *pro se* PCHA petition. We agree and, accordingly, reverse and remand for appointment of counsel and further proceedings consistent with this opinion.

Appellant was convicted on May 30, 1975, and his judgment of sentence affirmed on direct appeal. *Commonwealth v. Garrison*, 249 Pa. Superior Ct. 546, 377 A.2d 170 (1977). Appellant filed a *pro se* PCHA petition on November 21, 1977; counsel was appointed; the petition amended; a hearing held on September 15, 1979; the petition denied on April 24, 1980; and no appeal taken. Appellant had filed a second

*pro se* PCHA petition on November 8, 1979, prior to any ruling on the first petition, and the lower court denied it as premature. Appellant filed his third *pro se* PCHA petition on June 6, 1980, and the lower court summarily dismissed it, prompting this appeal.

A PCHA petition may be summarily dismissed only when a previous counseled petition raising the "same issue or issues" was determined adversely to the petitioner. Pa. R. Crim. P. 1504. Otherwise, the court must appoint counsel and afford an opportunity to amend. *Id.* 1503. *Pro se* PCHA petitions must be "read with liberality." *Commonwealth v. Fox,* 448 Pa. 491, 494, 295 A.2d 285, 287 (1972). Though appellant's *pro se* PCHA petition reiterates several previously litigated suppression issues, it also alleges the extraordinary circumstance of prior counsel's ineffectiveness, *see Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), presumably including prior PCHA counsel, and asserts that appellant was not properly advised of his rights.* Because these were new issues properly raised, summary dismissal is precluded. Accordingly, we reverse the lower court and remand for appointment of counsel and further proceedings consistent with this opinion. Jurisdiction relinquished.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

On November 21, 1977, appellant filed a petition under the Post Conviction Hearing Act. Counsel was appointed who filed an amended petition. On September 25, 1979, a hearing was held on the petition. Appellant filed a second PCHA petition on November 8, 1979, prior to any ruling on

---

* Moreover, appellant's second *pro se* PCHA petition had alleged that the Commonwealth withheld exculpatory evidence. The court denied that petition as premature. Appellant did not reassert that issue in his current PCHA petition. To infer that appellant abandoned this claim would charge a *pro se* petitioner with a duty to appreciate and plead according to the distinction between a temporary and final denial of an issue, contrary to the standards of review in *Commonwealth v. Fox, supra.*

the first petition. On January 21, 1980, the court denied the second petition as being premature. On April 24, 1980, the court filed an opinion and order denying relief on the first petition. No appeal was taken therefrom. On June 6, 1980, appellant filed a third PCHA petition, pro se. By an opinion and order dated December 11, 1980, the court denied, without a hearing, this third petition. Appellant has appealed from the denial of relief on the third petition.

Appellant argues that his second and third petitions alleged that court appointed PCHA counsel on the first petition, was ineffective. Therefore, he contends the court should have appointed yet new counsel and held another hearing on the second and third petitions.

As to the second petition, in my judgment, the court correctly denied relief. The first amended petition was still pending; it was premature to claim counsel was ineffective prior to any indication of his success or failure.*

Reviewing the third petition, I likewise agree with the lower court and would affirm its decision. Contrary to appellant's claim on this appeal, I do not find that the third petition alleged that prior PCHA counsel was ineffective. While he did check off the block, in the standardized petition, questioning counsel's effectiveness, nowhere in the petition is there an indication that he was challenging PCHA counsel's stewardship. Instead he challenged a photographic identification, and claimed he was not advised of certain rights or the existence of certain evidence. He did not claim that such challenges had not been finally litigated or waived because of petitioning counsel's ineffectiveness.

The lower court had just recently decided, adversely to appellant, allegations of trial error and trial counsel's ineffectiveness. Therefore, I believe the trial court properly, pursuant to Rule 1504 Pennsylvania Rules of Criminal Procedure, denied appellant's third petition without the appoint-

* While appellant did check the box, contained in the standardized PCHA petition, indicating he was denied the assistance of effective counsel, nowhere did this petition refer to PCHA counsel as being ineffective.

ment of counsel or the holding of another evidentiary hearing thereon. Appellant's claim was not properly presented in his third petition and neither the trial court or this court should consider it. *Commonwealth v. Carrier,* 494 Pa. 305, 308–309 n. 3, 431 A.2d 271, 273 n. 3 (1981); *Commonwealth v. Zillgitt,* 489 Pa. 189, 192 n. 3, 413 A.2d 1078 n. 3 (1980); *Commonwealth v. Stokes,* 294 Pa.Superior Ct. 529, 440 A.2d 591 (1982); *Commonwealth v. Stanton,* 294 Pa.Superior Ct. 516, 440 A.2d 585 (1982).

I respectfully dissent.