J-S41023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEWART C. SMITH | |
| Appellant | No. 1127 MDA 2016 |

Appeal from the PCRA Order May 12, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003032-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED SEPTEMBER 07, 2017**

Stewart C. Smith appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On May 6, 2013, Smith was charged with multiple offenses stemming from the alleged rape of his then-girlfriend, Angela Lewis. On April 25, 2014, following a two-day jury trial, Smith was convicted of sexual assault, indecent assault-without consent of other, and simple assault.[1] On July 29,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3122; 18 Pa.C.S.A. § 3126; 18 Pa.C.S.A. § 2701, respectively.

2014, Smith was sentenced to an aggregate sentence of 7 to 14 years of state incarceration.

Smith filed no post-sentence motions; however, Smith did file a notice of appeal on August 1, 2014. Attorney Walden was permitted to withdraw and Smith was ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Smith then filed a motion for new trial *nunc pro tunc* on August 27, 2014, which was denied on August 29, 2014.

On October 9, 2014, the trial court held a **Grazier**[2] hearing, at which time the Dauphin County Public Defender's Office took over Smith's case. The Public Defender's Office was granted extra time to file an amended Rule 1925(b) statement, which it filed on November 4, 2014. On November 13, 2014, the trial court issued its 1925(a) opinion. On November 20, 2014, the Dauphin County Public Defender's Office filed a notice of discontinuance of action pursuant to Pa.R.A.P. 1973.

On December 14, 2014, Smith filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On November 23, 2015, Smith filed a supplemental PCRA petition and a supporting legal memorandum. On April 18, 2016, the PCRA court found Smith's sentence exceeded the statutory maximum and filed a PCRA order granting Smith a resentencing hearing and giving notice of intent to dismiss

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

his other PCRA claims. The trial court resentenced Smith to 4½ to 10 years' imprisonment on May 10, 2016, and the trial court entered the sentencing order on the docket on May 16, 2016.[3] On June 6, 2016, Smith timely filed a notice of appeal to this Court appealing the PCRA court's May 12, 2016 Order dismissing the remainder of his PCRA claims. On June 27, 2017, Smith timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he raises the following issues:

> 1. Whether the PCRA court erred by concluding that the trial counsel was not ineffective in her failure to prevent and/or object to references concerning the Appellant's prior criminal acts and present state prison incarceration?
>
> 2. [W]hether the trial court abused its discretion by not ordering an evidentiary hearing concerning the trial counsel's strategy of allowing prior crimes and present incarceration to be introduced by the Commonwealth without objecting or seeking a mistrial?
>
> 3. [W]hether the trial court erred in not ordering an evidentiary hearing concerning trial counsel's strategy in not obtaining records to impeach the complaining witness and corroborate the Appellant's defense?

Brief of Appellant, at 3.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is as follows. We must examine whether the record

---

[3] Following his resentencing, Smith filed a post-sentence motion for a new trial, which the trial court denied on June 7, 2016. Smith timely appealed the trial court's May 16, 2016 sentencing order and the June 7, 2016 order denying his post sentence motion, which finalized the judgment of sentence. This court affirmed Smith's judgment of sentence on August 17, 2016. **Commonwealth v. Smith**, 2977 MDA 2016 (Pa. Super. August 17, 2017).

supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012).

First, Smith claims that his trial counsel was ineffective for failing to prevent and/or object to references to his present state prison incarceration and prior criminal acts. In reviewing ineffective assistance of counsel claims, we presume that counsel provided effective representation, and thus the petitioner bears the burden of proving ineffectiveness. *See Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009). To prevail on a claim that counsel was ineffective, an appellant must demonstrate the following:

> (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005).

However, in order to preserve his claim for appellate review, Smith must have complied with the trial court's order that he file a Rule 1925(b)

statement; any issues not raised in such statement will be deemed waived. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). When a trial court orders a Rule 1925(b) statement, the statement must specify the errors to be addressed on appeal. ***Commonwealth v. Dowling***, 778 A.2d 683 (Pa. Super. 2001). Further, when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. ***See Dowling***, at 686-87 ("[A] [c]oncise [s]tatement which is too ***vague*** to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.") (emphasis added).

Instantly, Smith's Rule 1925(b) statement does not specifically identify the issue of whether his trial counsel was ineffective for failing to prevent and/or object to references concerning the Appellant's prior criminal acts and present state prison incarceration. Rather, Smith vaguely alleges that the "PCRA Court erred when it . . . concluded trial counsel was [not] ineffective of [all] claims based upon the facts of this case." Rule 1925(b) Statement, 6/27/16, at 1-2. Although this Court must construe a *pro se* PCRA petition with liberality, ***Commonwealth v. Garrison***, 450 A.2d 65, 66 (Pa. Super. 1982), Smith's boilerplate assertion that the PCRA Court erred in concluding trial counsel provided effective assistance with regard to *all* claims has not preserved any specific ineffectiveness claims for review.

*See* Pa.R.A.P. 125(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). ***Dowling***, ***supra***.[4]

In Smith's final claims on appeal, he avers the PCRA court erred in not ordering an evidentiary hearing concerning: (1) trial counsel's strategy of allowing the Commonwealth to introduce evidence of Smith's prior crimes and present incarceration without objecting or seeking mistrial, and (2) trial counsel's strategy in not obtaining "records" to impeach the complaining witness and corroborate Smith's defense. We disagree.

The court may order an evidentiary hearing when a petition for post-conviction relief raises material issues of fact. ***See*** Pa.R.Crim.P. 908(A)(2). However, an evidentiary hearing regarding ineffective assistance of counsel is unnecessary "if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel[.]" ***See Commonwealth v. Petras***, 534 A.2d 483, 486 (Pa. Super. 1988) (citing ***Commonwealth v. Clemmons***, 479 A.2d 955, 957 (Pa. 1984)).

In ruling on Smith's direct appeal, this Court determined that trial counsel's strategy of allowing the Commonwealth to introduce evidence of

---

[4] Additionally, Smith's counsel did in fact object to and request a mistrial following the Commonwealth's referencing, during closing argument, of Smith's prior criminal acts and present state prison incarceration.

Smith's prior crimes and present incarceration without objecting or seeking mistrial was meritless. *Commonwealth v. Smith*, 2977 MDA 2016 (Pa. Super. August 17, 2017). Smith's second claim couches what is essentially the same issue he raised on direct appeal in a PCRA petition, and thus, we find it was previously litigated for purposes of the PCRA. Accordingly, Smith's second claim is not reviewable. *See* 42 Pa.C.S. § 9543(a)(3).

Lastly, Smith's claim that his trial counsel failed to procure "records"[5] which would impeach the complainant and/or corroborate his defense is meritless, as his trial counsel had an objectively reasonable basis for not procuring such evidence. Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if counsel chose a particular course that had some reasonable basis designed to affect his client's interest. *Commonwealth v. Puksar*, 951 A.2d 267 (Pa. 2008). Here, Smith's trial counsel diligently cross-examined the victim, Angela Lewis, on whether or not she and Smith had previously engaged in "rougher sex." N.T. Trial, 4/24/16, at 135. Moreover, trial counsel reiterated Smith's defense for biting Lewis' neck during intercourse, that being, he attempted to emulate suggestive vampire-like behavior. N.T. Trial, 4/25/16, at 508. In light of the foregoing, we cannot discern an abuse of discretion where the trial court found Smith's trial counsel pursued a

---

[5] Smith vaguely avers Facebook content and phone records contain exculpatory evidence.

reasonable defense strategy. Thus, Smith was not entitled to an evidentiary hearing on this issue. ***Puksar***, ***supra***; ***Petras***, ***supra***. ***Cf. Commonwealth v. Staton***, 120 A.3d 277, 289-90 (Pa. 2015) (petitioner failed to establish that trial counsel performed deficiently for failing to cross-examine Commonwealth witness with prior inconsistent statement; trial counsel did not ignore paradoxes in witness's testimony, but indirectly impeached witness by eliciting such evidence from different witness and accentuated disparity in testimony in closing argument).

Order affirmed.

GANTMAN, P.J., joins the majority.

PLATT, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2017