J-A29014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY GARCIA | : | |
| | : | |
| Appellant | : | No. 213 MDA 2020 |

Appeal from the Order Entered January 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004915-2018,
CP-36-CR-0004916-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY GARCIA | : | |
| | : | |
| Appellant | : | No. 214 MDA 2020 |

Appeal from the Order Entered January 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004915-2018,
CP-36-CR-0004916-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:              **FILED NOVEMBER 17, 2020**

Appellant Timothy Garcia appeals from the Order entered January 21, 2020, denying his "Petition for Credit for Imprisonment While in Custody Prior

---

[*] Retired Senior Judge assigned to the Superior Court.

to Sentence." After careful review, we vacate the Order and remand for further proceedings.

On March 29, 2019, Appellant pled guilty to one count each of Possession with Intent to Deliver (Heroin) and Criminal Use of a Communication Facility.[1] The court deferred sentencing pending an assessment to determine Appellant's eligibility for the State Intermediate Punishment Program ("SIPP").

Appellant received approval for the SIPP, and on October 1, 2019, the court sentenced him to a term of 24 months' incarceration followed by 2 years' probation. The court directed that Appellant receive credit for 404 days of time served prior to sentencing. Appellant did not appeal.

On January 15, 2020, Appellant *pro se* filed a Petition to Proceed *in Forma Pauperis* and a Petition seeking credit for a total of 759 days allegedly served prior to the imposition of sentence. On January 16, 2020, the court denied the Petition seeking credit for time served as moot, stating that Appellant received credit for 404 days at sentencing and "[a]ny time he may have lost is due to his acceptance into the SIPP Program." Order, 1/16/20.

Appellant *pro se* filed a Notice of Appeal on February 3, 2020. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement and served the Order on his counsel of record. On February 5, 2020, Appellant's plea counsel filed a Petition to Withdraw, which the court granted on February 11, 2020.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512(a), respectively.

- 2 -

Appellant *pro se* filed a Rule 1925(b) Statement on February 14, 2020. The Commonwealth filed a response, and the Court filed a Pa.R.A.P. 1925(a) Opinion on March 11, 2020.

On May 29, 2020, this Court remanded for the trial court to determine Appellant's entitlement to counsel for this Appeal. The trial court appointed Daniel C. Bardo, Esq., on June 2, 2020. On Attorney Bardo's Motion, this Court again remanded so Appellant could file a counseled Rule 1925(b) Statement. The trial court filed a Supplemental Rule 1925(a) Opinion.

Appellant presents the following question for our review:

> After [Appellant's] Judgment of Sentence was final, he filed a motion for time credit. The PCRA[2] court did not appoint counsel and denied the motion as moot. Did the PCRA court deprive [Appellant] of his right to counsel for his first PCRA petition?

Appellant's Br. at 4.

Appellant asserts that his "Petition for Credit for Imprisonment While in Custody Prior to Sentence," while "inarticulate," clearly requested 759 days credit against his sentence even though Appellant "did not specifically write that [the court] had failed to credit him what he was due." ***Id***. at 6. He contends that "[i]n both timing and subject-matter, the petition was a PCRA petition" that implicated the legality of his sentence and he was, therefore, entitled to the appointment of PCRA counsel prior to the court's summary denial of relief. ***Id***. at 8. We agree.

_____

[2] Post Conviction Relief Act, 42 Pa.C.S. §§ 9542-46.

- 3 -

When appellate courts review the denial of post-conviction relief, the standard of review is whether the findings of the lower court are supported by the record and free of legal error. *Commonwealth v. Williams*, 828 A.2d 981, 987 (Pa. 2003). The issue raised in this appeal, whether the trial court failed to appoint counsel as required by the PCRA, presents a question of law, for which our standard of review is plenary and our scope of review is "limited by the parameters of the [PCRA]." *Commonwealth v. Smith*, 818 A.2d 494, 498 (Pa. 2003).

Our Supreme Court has required that courts read prisoner-drafted post-conviction collateral relief petitions "with liberality." *Com. v. Fox*, 295 A.2d 285, 287 (Pa. 1972); *see, e.g.*, *Commonwealth v. Hill*, 279 A.2d 170, 173 (Pa. 1971) (observing that courts do not hold *pro se* post-conviction petitioners to "strict rules of pleading," and concluding that a petition, while "not artistic", was sufficient to raise an issue requiring remand for a hearing.).

A petition seeking more credit for time served than that ordered by the court implicates the legality of the sentence. *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). "[W]hen the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that challenge [is] deemed cognizable as a due process claim in PCRA proceedings." *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014).

Pursuant to Pa.R.Crim.P. 904(C), the court must appoint counsel to represent an indigent petitioner in litigating his first petition for post-conviction collateral relief, "regardless of the merits of his claim." *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996). Where the court fails to appoint counsel, "the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); *see, e.g.*, *Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005) (remanding for the appointment of counsel). In addition, "where an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." *Commonwealth v. Tedford*, 781 A.2d 1167, 1170 (Pa. 2001) (citations omitted).

Here, Appellant's *pro se* "Petition for Credit for Imprisonment While in Custody Prior to Sentence," explicitly requests 759 days credit, more than the 404 days the sentencing court ordered. As explained above, Appellant's request for additional credit for time served implicates the legality of his sentence and is, thus, cognizable under the PCRA. Because this is Appellant's first PCRA Petition, Appellant is entitled to the appointment of PCRA counsel. Accordingly, we vacate the order and remand for the appointment of PCRA counsel and further proceedings before the PCRA court.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020