J-S30009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE ALEXANDER CROSBY | |
| Appellant | No. 1951 EDA 2021 |

Appeal from the Order Entered September 8, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0004827-2020

BEFORE:  STABILE, J., MCCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 9, 2022**

Appellant Dale Alexander Crosby appeals *pro se* from the September 8, 2021 order of the Court of Common Pleas of Montgomery County,[1] denying his self-styled petition to file a direct appeal *nunc pro tunc*.  Upon review, we vacate and remand.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Appellant's notice of appeal purports to appeal from a non-existent order dated September 14, 2021 (and thus not docketed), our review of the record reveals that Appellant intended to appeal the lower court's September 8, 2021 denial of his petition to file a direct appeal *nunc pro tunc*.  A defective notice of appeal, listing an incorrect date, does not prevent us from reviewing this appeal.  ***See Commonwealth v. One 1988 Ford Coupe VIN No. 1FABP41A9JF143651***, 574 A.2d 631, 633 n.1 (Pa. Super. 1990) (error in notice of appeal stating incorrect date on which order was entered was harmless).  Apart from listing an incorrect date, Appellant's notice of appeal was timely because he filed it within 30 days of the date the September 8 order was entered.  ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal taken).

Briefly, on April 15, 2021, Appellant entered a negotiated guilty plea to simple assault and unlawful restraint.[2]  On the same date, consistent with the terms of the plea agreement, the trial court sentenced Appellant to an aggregate term of 11½ to 23 months' incarceration following by 3 years' probation.

On July 7, 2021, Appellant *pro se* filed a notice of appeal docketed at 1380 EDA 2021.  This Court's Prothonotary listed George M. Griffith, Jr., Esquire, of the Montgomery County Office of the Public Defender as counsel for Appellant.  The notice of appeal in 1380 EDA 2021 listed a purported order dated June 29, 2021.  On August 25, 2021, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court.  Attorney Griffith did not file a response to the rule to show cause.  Eventually, on September 20, 2021, we dismissed the appeal at 1380 EDA 2021 for failure to file a brief.

On August 9, 2021, Appellant *pro se* filed the instant petition for *nunc pro tunc* reinstatement of his direct appeal rights.  Therein, Appellant alleged that he wished to appeal his conviction and that "I asked my lawyer to file a[n] appeal, but [he] never did it."  Petition, 8/9/21.  On September 8, 2021, the trial court denied the *pro se* petition.

---

[2] 18 Pa.C.S.A. §§ 2701(a)(1) and 2902(a)(1), respectively.

On September 20, 2021, Appellant *pro se* filed the instant appeal.[3]  In the notice of appeal, he listed a purported order entered on September 14, 2021.  We issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order that is not entered upon the appropriate docket of the lower court.  On November 23, 2021, Appellant filed a *pro se* response.  On February 11, 2022, we discharged the show cause order.  Eventually, upon this Court's direction,[4] the trial court appointed Francis M. Walsh, Esquire, as counsel for Appellant.  Attorney Walsh, however, has not filed a brief in this appeal and the sole brief we have on behalf of Appellant was filed by Appellant *pro se* on May 3, 2022.

On appeal, Appellant presents two issues for our review.

> [I.] Did the lower court err in abusing its discretion by allowing hearsay testimony at the *habeas corpus* hearing?

> [II.] Did the lower court err by not quashing the charges at the *habeas corpus* hearing?

Appellant's Brief at 4 (unnecessary capitalizations omitted).  Based on the questions presented, it appears that Appellant seeks to litigate issues he would have raised on direct appeal.  Given the procedural errors, as identified below, we need not address the merits of these issues at this juncture.

---

[3] That same day, Appellant *pro se* filed an application to file an appeal *nunc pro tunc*.  This second request for *nunc pro tunc* reinstatement of his direct appeal rights is not before us.

[4] Upon the Montgomery County Office of the Public Defender's application to withdraw, we directed the trial court to appoint substitute counsel.

Indeed, we must note preliminarily that the trial court erred in failing to treat the August 9, 2021, *pro se* petition for *nunc pro tunc* reinstatement of direct appeal rights as one falling under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. The plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted); *Commonwealth v. Evans*, 866 A.2d 442, 442-44 (Pa. Super. 2005) (where defendant's motion for modification of sentence was filed after conclusion of 10-day post-sentence and 30-day appeal filing periods, motion was properly treated as PCRA petition); *Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought). Accordingly, the petition at issue should have been treated as a PCRA petition.[5]

---

[5] Our Supreme Court has required that courts read prisoner-drafted post-conviction collateral relief petitions "with liberality." *Com. v. Fox*, 295 A.2d 285, 287 (Pa. 1972); *see*, *e.g.*, *Commonwealth v. Hill*, 279 A.2d 170, 173 (Pa. 1971) (observing that courts do not hold *pro se* post-conviction petitioners to "strict rules of pleading," and concluding that a petition, while "not artistic", was sufficient to raise an issue requiring remand for a hearing.).

Having established that the petition should have been treated as PCRA petition[6]—Appellant's first—we further determine that the PCRA court erred in failing to appoint counsel. Pursuant to Pa.R.Crim.P. 904(C), the court must appoint counsel to represent an indigent petitioner in litigating his first PCRA petition, "regardless of the merits of his claim." *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996). Where the court fails to appoint counsel, "the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); *see*, *e.g.*, *Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005) (remanding for the appointment of counsel). In addition, "where an appellant files his first PCRA petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA petition with the assistance of counsel." *Commonwealth v. Tedford*, 781 A.2d 1167, 1170 (Pa. 2001) (citations omitted).

Instantly, the record is clear. Appellant's judgment of sentence became final on May 15, 2021, thirty days after this April 15, 2021 judgment of sentence, when no direct appeal was taken. Therefore, Appellant's August 9, 2021 petition for *nunc pro tunc* reinstatement of his direct appeal rights was a timely PCRA petition and should have been treated as such. To the extent

---

[6] Our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

the lower court failed to do so, it erred.  Moreover, because it was his first PCRA petition, Appellant was entitled to appointment of counsel.  Accordingly, we must vacate the September 8, 2021 order and remand for the appointment of PCRA counsel and further proceedings before the PCRA court.[7]

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022

---

[7] Without expressing an opinion on the merits of Appellant's claims, we note that a failure to file or perfect a requested appeal results in a denial of rights so fundamental as to constitute prejudice *per se*.  **See Commonwealth v. Parrish**, 273 A.3d 989, 1005 (Pa. 2022) (prejudice is presumed for failure to file a requested appeal); **accord Commonwealth v. Lantzy**, 736 A.2d 564, 571 (Pa. 1999).  To determine whether a direct appeal was requested, an evidentiary hearing would be necessary here.