**ALD-012**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2384
_____

JOSEPH WILLIAMS,
                                        Appellant
v.

JOHN CLANCY, Administrator; SHELIA LEONARDO, Administrator;
KEITH HOOPER, Supervisor of Operations; JACQUELINE PERRY, Administrator;
JOHN DOE ASSISTANT ADMINISTRATOR; MR. CONKLIN, Computer Lab;
MS. SANDERS, Counselor; MISS LEWIS, Counselor; MR. MCLARY, Business
Manager; JOHN DOE COUNSELORS; JANE DOE COUNSELORS, jointly, severally,
or in the alternative, are sued in their official and their individual capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-2449)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

Opinion filed : October 21, 2011
_____

OPINION
_____

PER CURIAM.

I.

In May 2010, inmate Joseph Williams filed a civil rights complaint in federal court against thirteen New Jersey Department of Corrections officials (collectively, "Appellees") employed at his place of confinement: the Talbot Hall Assessment and Treatment Center in Kearny, New Jersey.[1] In his complaint, Williams alleged that Appellees violated his constitutional rights under the First, Eighth, and Fourteenth Amendments by placing him in a holding cell, depriving him of his personal property, and denying him meaningful access to the courts. Williams also alleged that Appellees violated unspecified provisions of the New Jersey state constitution.

The District Court screened Williams complaint pursuant to 28 U.S.C. § 1915A(a). By order entered April 15, 2011, the District Court sua sponte: (1) dismissed with prejudice Williams's claims regarding deprivation of property; (2) dismissed without prejudice his claims regarding placement in a holding cell and access to courts; (3) declined to exercise supplemental jurisdiction over his claims arising under state law; and (4) granted him thirty days to file an amended complaint in order to fix the apparent defects in the claims dismissed without prejudice.

Williams then moved for an extension of time to file an amended complaint. The District Court granted that motion, and Williams's amended complaint was due on June 17, 2011. Williams, however, never filed an amended complaint. Instead, he timely

---

[1] Williams has since been released from custody and now appears to reside in northern New Jersey.

appealed the District Court's April 15, 2011 order.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (without-prejudice dismissal is 'final' and appealable if plaintiff elects to stand on dismissed complaint). Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We will summarily affirm the District Court's April 15, 2011 order because this appeal does not present a substantial question. Murray v. Bledsoe, 650 F.3d 246, --- (3d Cir. 2011) (per curiam).

## III. A.

We first conclude that the District Court did not err in dismissing Williams's claim that he was denied due process when, as punishment for his "failure to properly smile during the process of his identification photograph," he was placed in a holding cell separate from the general inmate population. A legal prerequisite to stating a viable due process claim is that a cognizable interest in life, liberty, or property is at stake. Artway v. Att'y Gen. of the State of N.J., 81 F.3d 1235, 1268 (3d Cir. 1996). However, inmates have no liberty interest in remaining in the general population (and the interests in life and property are not implicated in this context). See Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) ("Because disciplinary detention and 'administrative segregation [are] the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration,' Torres's transfer to 'less amenable and more restrictive quarters'

3

did not implicate a liberty interested protected by the Due Process Clause") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Notably, Williams did not allege in his complaint any facts suggesting that the conditions of his segregated detention imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 485 (1995).

B.

Second, we conclude that the District Court did not err in dismissing Williams's disciplinary segregation claim insofar as it was presented in the context of the Eighth Amendment. To state an Eighth Amendment 'conditions of confinement' claim, an inmate must allege that his conditions were so severe as to deprive him of an identifiable, basic human need. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 305 (1991). Williams made no such allegations in his complaint.

C.

Third, we conclude that the District Court properly dismissed Williams's Fourteenth Amendment deprivation of personal property claim. Williams alleged that Appellees confiscated the funds in his possession—as well as funds in his inmate trust account—at the time he was placed in the holding cell. He alleged that these funds were not returned.

Williams's allegations failed to state a procedural due process claim; property loss caused by the intentional acts of government officials does not give rise to such a claim where a post-deprivation remedy satisfying minimal procedural due process requirements

4

is available under state law.  See Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  Here, Williams made no allegations suggesting that the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1, failed to provide him with a sufficient post-deprivation judicial remedy.  See Holman v. Hilton, 712 F.2d 854, 857 (3d Cir. 1983) (under the NJTCA, "prison inmates are entitled, as they were at common law, to a cause of action against prison officials and other public employees for injuries resulting from tortious acts committed during the performance of duties of a ministerial nature").

## D.

Finally, we conclude that the District Court did not err in dismissing Williams's claims concerning meaningful access to the courts and the absence of a law library at Talbot Hall.  To establish a cognizable access to courts claim, a complainant must demonstrate that:  (1) he suffered an "actual injury" (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim.  Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  In addition, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"  Id. at 205-06 (citing Christopher v. Harbury, 536 U.S. 403, 416-17 (2002)).

Williams's claim rests solely on the allegations that Appellees denied him access to courts because Talbot Hall does not have a law library, because they withheld certain legal documents, and because they recorded his communications with the District Court

5

Clerk. Thus, Williams failed to state an access to courts claim because he did not allege an *actual injury* relative to the complained-of actions by Appellees. See also Lewis v. Casey, 518 U.S. 343, 351 (1996) (recognizing that inmates have no "freestanding right to a law library or legal assistance").

IV.

Accordingly, for the reasons given in this opinion, we will summarily affirm the order of the District Court. Williams's motion to remand is denied.[2]

---

[2] Williams seeks remand to the District Court so that it may consider additional allegations in support of his original complaint. Williams jettisoned the opportunity to bolster his claims when he declined to file an amended complaint with the District Court.