J-A11005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD H. SATERSTAD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JEFFREY B. ENGLE | |
| Appellee | No. 1243 MDA 2017 |

Appeal from the Order Entered July 25, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2009-CV-3567-CV

BEFORE: STABILE, NICHOLS, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 18, 2018**

Appellant/plaintiff Edward H. Saterstad *pro se* appeals from the July 25, 2017 order of the Court of Dauphin County ("trial court"), which granted Appellee Jeffrey B. Engle's motion for summary judgment and dismissed with prejudice Appellant's amended complaint. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As summarized by the trial court:

> The claims contained within [Appellant's] [a]mended [c]omplaint arise out of his previous conviction for various criminal offenses and his subsequent pursuit of PCRA relief pertaining thereto. In September 2003, a jury convicted [Appellant] on one count each of [s]talking; [c]riminal [a]ttempt – [l]uring a [c]hild into a [v]ehicle; and [c]riminal [a]ttempt – [k]idnapping, for which [Appellant] was sentenced to an aggregate term of 2 to 10 years in prison on July 13, 2004. [Appellant] partook

_____

[*] Retired Senior Judge assigned to the Superior Court.

unsuccessfully in a direct appeal of his conviction all the way to the Supreme Court of Pennsylvania, which denied his [p]etition for [a]llowance of [a]ppeal on April 11, 2006. [Appellant did not seek review by the Supreme Court of the United States.] Thereafter, on May 16, 2007, [Appellant] filed a *pro se* PCRA Petition, in which he requested appointment of counsel. On June 4, 2007, the Honorable Richard A. Lewis (hereinafter "Judge Lewis") appointed Attorney Engle to represent [Appellant] and granted [Appellant] 30 days to file an amended PCRA petition. Attorney Engle sent [Appellant] an "introduction" letter on June 7, 2007, requesting that [Appellant] contact him if he had any materials or input with regard to the filing of an amended PCRA petition. [Appellant] allegedly wrote a letter to Attorney Engle on June 12, 2007, explaining that he could provide transcripts to Attorney Engle and asking Attorney Engle various questions about what materials or clarifying information he could provide to Attorney Engle that would be beneficial in the filing of an amended PCRA petition.

According to [Appellant], Attorney Engle never responded to the June 12, 2007 letter, and on July 19, 2007, [Appellant] filed an untimely motion for an extension of time to file an amended PCRA petition. On July 26, 2007, [Appellant] sent Attorney Engle copies of transcripts as well as his second letter inquiring as to why the first letter had been unanswered, explaining his concern about the untimely motion for an extension of time, and again raising various inquiries about what materials would be beneficial towards the filing of an amended PCRA petition. [Appellant] avers that this second letter (from July 26, 2007) was also unanswered by Attorney Engle. Then, [Appellant] alleges, he sent a third and final letter to Attorney Engle on September 25, 2007 requesting a response from Attorney Engle to confirm that he received the first two letters. This third letter also went unanswered.

Although Attorney Engle allegedly failed to respond to all three of his letters, [Appellant] avers that on October 24, 2007, he did receive from Attorney Engle a [p]etition to [w]ithdraw as PCRA [c]ounsel, a [p]roposed [o]rder dismissing [Appellant]'s PCRA Petition, and a copy of Attorney Engle's "no merit" letter in which he explained to [Appellant] that he was ineligible for PCRA relief because the petition had been untimely filed and the issues

raised therein were meritless. On October 28, 2007, [Appellant] filed an [a]nswer to Attorney Engle's [p]etition to [w]ithdraw, contending that the [p]etition was not untimely, that the issues raised therein indeed had merit, and that Attorney Engle had failed to review each issue in a diligent and zealous manner. On October 31, 2007, without holding an evidentiary hearing, Judge Lewis issued a [m]emorandum [o]pinion and [o]rder notifying [Appellant] of the [c]ourt's intention to dismiss the PCRA petition within 20 days, and on November 20, 2007, Judge Lewis entered an [o]rder dismissing the PCRA petition. Regarding the timeliness of [Appellant's] PCRA [p]etition, Judge Lewis disagreed with Attorney Engle and held that [Appellant's] PCRA petition was in fact timely, but Judge Lewis agreed with Attorney Engle that the claims contained within [Appellant]'s PCRA [p]etition lacked merit. PCRA Court Memorandum Opinion, 10/31/07, at 3-8. On December 11, 2007, [Appellant] initiated a *pro se* appeal of the dismissal to the Superior Court, and Attorney Norris Gelman ("Attorney Gelman") was appointed to represent [Appellant] in this appeal. Ultimately, on September 9, 2008, the Superior Court reversed Judge Lewis's Order dismissing [Appellant]'s PCRA Petition, finding that Attorney Engle had been incorrect in asserting that [Appellant]'s PCRA [p]etition was untimely and finding that Attorney Engle's representation amounted to [Appellant] being not represented at all; the Superior Court held that because Attorney Engle's [p]etition to [w]ithdraw was based on the mistaken conclusion that the PCRA [p]etition was untimely, a conclusion was warranted that Attorney Engle failed to adequately review all of the issues raised therein. ***See Commonwealth v. Saterstad***, No. 449 MDA 2007; 2092 MDA 2007, at 9 (Pa. Super. [filed] Sept[ember] 9, 2008) ([unpublished] memorandum). [Appellant] makes a point to note that in reversing the dismissal, the Superior Court cited to ***Com[monwealth] v. Owens***, 718 A.2d 330 (Pa. Super. 1998),[FN1] a case in which Attorney Engle apparently attempted previously to raise the same invalid untimeliness argument that he raised with regard to [Appellant]'s PCRA Petition. In reversing the dismissal on September 9, 2008, the Superior Court remanded to this Court so that [Appellant] could file an Amended PCRA Petition. With Attorney Gelman as appointed PCRA counsel,

- 3 -

[Appellant] filed an Amended PCRA Petition, which was ultimately dismissed by the Superior Court on November 14, 2011.

[FN1]: In *Owens*, a matter in which Attorney Engle represented the Commonwealth as an Assistant District Attorney, an individual by the name of Paul Owens unsuccessfully partook in a direct appeal of his conviction all the way to the Supreme Court of Pennsylvania, which denied his [p]etition for [a]*llocatur* on May 15, 1996. Owens chose not to take his direct appeal to the U.S. Supreme Court ("SCOTUS"), and on June 2, 1997, Owens filed a PCRA [p]etition in the [t]rial [c]ourt. The [t]rial [c]ourt dismissed Owens' PCRA [p]etition as untimely, reasoning that, because his judgment became final on May 15, 1996 and he did not file his PCRA [p]etition until June 2, 1997, he failed to comport with 42 Pa.C.S.A. § 9545(b)(1) which requires a PCRA petition to be filed within one year of final judgment. Owens appealed the PCRA [c]ourt's dismissal, however, and the Superior Court reversed the dismissal, holding that the PCRA Court had incorrectly calculated the time appellant had to file a PCRA Petition.

Specifically, the Superior Court held that the PCRA Court, in calculating the time Owens had to file a PCRA Petition, failed to take into account the time that Owens had to take his direct appeal to SCOTUS, which was 90 days from the Pa. Supreme Court's May 15, 1996 denial of *allocator*. According to the Superior Court, then, Owens' conviction did not become final until August 15, 1996, or the date on which his time to appeal to SCOTUS expired, and, therefore, his PCRA Petition filed on June 2, 1997 had been timely field within one year of final judgment.

With regard to the instant matter, a timeliness issue similar to that in *Owens* was also of issue with respect to the first PCRA [p]etition that [Appellant] had filed in his criminal case. With regard to [Appellant's] direct appeal of his criminal conviction,

his [p]etition for [a]llowance of [a]ppeal to the Supreme Court of Pennsylvania was denied on April 11, 2006, and, thereafter, he filed his first PCRA Petition on May 16, 2007. In moving to withdraw as PCRA counsel, Attorney Engle argued that [Appellant's p]etition was untimely because it had been filed more than one year after the Pa. Supreme Court denied allowance of appeal and because the issues raised in the [p]etition lacked merit. Citing **Owens**, Judge Lewis disagreed with Attorney Engle's assertion that the [p]etition was untimely, but he nonetheless dismissed the [p]etition, holding that the issues raised therein lacked merit. When [Appellant] appealed Judge Lewis's dismissal, the Superior Court also cited **Owens** and stated that Attorney Engle erroneously failed to take into account the 90 days from April 11, 2006 that [Appellant] had to take his direct appeal to SCOTUS (taking into account the extra 90 days, [Appellant's] judgment would have become final on July 10, 2006, and his PCRA [p]etition filed on May 16, 2007 would have been considered timely).

In association with the aforementioned facts, [Appellant] filed a [c]omplaint against Attorney Engle on May 7, 2009.[1] An [a]mended [c]omplaint followed on July 22, 2010. In the [a]mended [c]omplaint, [Appellant] raises three counts against Attorney Engle . . .: (1) [i]ntentional [a]buse of [p]rocess; (2) [c]ivil [c]onspiracy; and (3) a 42 U.S.C. § 1983 [c]ivil [r]ights [v]iolation.

First, with regard to [c]ount I, [Appellant] avers that [i]ntentional [a]buse of [p]rocess is demonstrated by the

---

[1] Appellant also has filed civil actions against, *inter alia*, his former trial counsel, Joshua D. Lock, his former PCRA counsel Norris Gelman, and the former Dauphin County District Attorney Edward Marsico related to Appellant's criminal convictions and subsequent PCRA proceedings. **See Saterstad v. Lock**, 2017 WL 564822 (Pa. Super. Filed February 13, 2013), **appeal denied**, 175 A.3d 984 (Pa. 2017); **Saterstad v. Gelman**, 2014 WL 10937506 (Pa. Super. Filed May 6, 2014); **Saterstad v. Marsico**, 30 A.3d 533 (Pa. Super. 2011), **appeal denied**, 42 A.3d 1060 (Pa. 2012).

following: (1) Attorney Engle's allegedly false averment in his [p]etition to [w]ithdraw that [Appellant's] petition was time-barred when Attorney Engle knew from his close involvement with **Owens** that this was false; (2) Attorney Engle's failure to reply to any of [Appellant's] various inquiries and letters for months; (3) Attorney Engle's alleged failure to engage in a meaningful review of [Appellant's] PCRA claims; (4) Attorney Engle's "inappropriate" filing of a proposed [o]rder of dismissal of the PCRA [p]etition before first consulting with [Appellant]; (5) Attorney Engle's alleged violation of various Pennsylvania Rules of Professional Conduct and Rules of Procedure in filing his [p]etition to [w]ithdraw as PCRA Counsel as well as in filing the [p]roposed [o]rder dismissing [Appellant's] PCRA Petition. [Appellant] contends that Attorney Engle engaged in all of this conduct for the purposes of denying [Appellant] assistance of counsel, causing [Appellant's] PCRA claims to be dismissed, and causing [Appellant] financial and emotional injury. Furthermore, [Appellant] alleges that Attorney Engle acted out of self-interest and personal gain.

Second, with regard to the [c]ivil [c]onspiracy count, [Appellant] claims that Attorney Engle conspired with Judge Lewis and other persons associated with the Dauphin County Court of Common Pleas to unlawfully deprive him of his PCRA rights. [Appellant] believes that a conspiracy is evidenced by Judge Lewis's approval of Attorney Engle's [p]etition to [w]ithdraw and Judge Lewis's failure to discuss or address "obvious and fraudulent deficiencies" in Engle's representation of [Appellant] including: (1) Attorney Engle's allegedly false averment regarding the timeliness of [Appellant's] PCRA [p]etition; (2) Failure of Engle to communicate properly with [Appellant] throughout the representation; (3) Attorney Engle's alleged failure to access certain trial exhibits; (4) Attorney Engle's failure to consult with [Appellant] prior to filing the [p]roposed [o]rder to dismiss the PCRA [p]etition; and (5) Attorney Engle's obvious failure to exercise diligent and meaningful review of the issues [Appellant] raised in his PCRA [p]etition.

Finally, with regard to his 42 U.S.C. § 1983 count, [Appellant] contends that Attorney Engle conspired with other individuals acting under color of state law, including Judge Lewis,

to deprive [Appellant] of "honest services", court access, and due process rights. As damages, [Appellant] seeks $50,000 in punitive damages from Attorney Engle with respect to the [a]buse of [p]rocess count, and he seeks $50,000 in compensatory and punitive damages from Attorney Engle with respect to the [c]ivil [c]onspiracy and § 1983 counts. On March 22, 2017, Attorney Engle filed a [m]otion for [s]ummary [j]udgment as to all of the claims raised in [Appellant's a]mended [c]omplaint.

Trial Court Opinion, 7/25/17, at 1-6 (footnotes omitted). On April 21, 2017, Appellant filed a response to Attorney Engle's summary judgment motion, making, among other things, bare allegations challenging Attorney Engle's discovery responses. In particular, Appellant characterized as "inadequate" and/or "false" the discovery responses received from Attorney Engle. Response to Summary Judgment, 4/21/17, at ¶ 19.[2] On July 25, 2017, the trial court granted Attorney Engle's motion for summary judgment. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b)

_____

[2] To the extent Appellant now argues on appeal that he lacked essential evidence to oppose Attorney Engle's summary judgment because of incomplete and/or false discovery responses received from Attorney Engle, such argument is not preserved for our review. Under Pennsylvania Rule of Civil Procedure 1035.3, "[a]n adverse party may supplement the record or set forth reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Pa.R.Civ.P. No. 1035.3(b). Instantly, Appellant's response to the summary judgment motion offered no reasons why he could not oppose the motion beyond baldly claiming that Attorney Engle's discovery responses were incomplete and/or false. He proffered no explanation about, or description of, the supposedly misleading or incomplete discovery responses. Moreover, based on our review of the docket, it appears that Appellant failed to depose Attorney Engle during discovery or seek the trial court's leave to do so after the close of discovery.

statement of errors complained of on appeal. Appellant complied, raising four assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, adopting its July 25, 2017 opinion granting Attorney Engle's summary judgment motion.

On appeal, Appellant essentially raises a single issue for our review. He argues that the trial court erred in concluding that Attorney Engle was entitled to summary judgment as a matter of law, because Appellant failed to adduce sufficient evidence to support his claims for abuse of process and conspiracy.[3]

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. **See** Pa.R.C.P. No. 1035.2. The rule [provides] that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. **Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the**

---

[3] Appellant did not challenge the trial court's conclusion that Attorney Engle was entitled to summary judgment on the Section 1983 claim. Even if he had, Appellant would not have obtained relief. It is settled that to state a claim under Section 1983, a plaintiff must establish that he was deprived of a federal constitutional or statutory right by "a state actor." **Kach v. Hose**, 589 F.3d 626, 646 (3d Cir. 2009). Defense attorneys do not qualify as state actors. **See Polk Cty. V. Dodson**, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

**entitlement of the moving party to judgment as a matter of law**.  Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original) (emphasis added).

After careful review of the record and the relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's claims.  *See* Trial Court Opinion, 7/25/17, at 6-10.  We agree with the trial court's conclusion Appellant was not entitled to rely merely on his pleadings but rather was required to set forth specific facts demonstrating a genuine issue of fact.  *See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3.  Appellant failed to produce *any* evidence of record to support his opposition to the motion for summary judgment.  "Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law."  *Young v. Commonwealth Dep't of Transportation*, 744 A.2d 1276, 1277 (Pa. 2000) (citation omitted).  Accordingly, we affirm the trial court's July 25, 2017 order granting Attorney Engle's summary judgment motion.  We further direct that a copy of the trial court's July 25, 2017 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018

ORIGINAL

Copies ᴊistributed

Date 7/25/17 Initials

| | |
|---|---|
| EDWARD H. SATERSTAD, | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : DAUPHIN COUNTY, PENNSYLVANIA |
| | : |
| | : |
| v. | : NO. 2009 CV 03567 |
| | : |
| | : |
| JEFFREY B. ENGLE, | : |
| Defendant | : CIVIL ACTION LAW |

## TRIAL COURT MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Jeffrey B. Engle's ("Attorney Engle" or "Defendant") Motion for Summary Judgment on an Amended Complaint ("the Amended Complaint") filed by *pro se* plaintiff Edward H. Saterstad ("Plaintiff") on July 22, 2010. For the reasons set forth below, we will grant Defendant's Motion for Summary Judgment.

## I. Background.

The claims contained within Plaintiff's Amended Complaint arise out of his previous conviction for various criminal offenses and his subsequent pursuit of PCRA relief pertaining thereto. In September 2003, a jury convicted Plaintiff on one count each of Stalking; Criminal Attempt – Luring a Child into a Vehicle; and Criminal Attempt – Kidnapping, for which Plaintiff was sentenced to an aggregate term of 2 to 10 years in prison on July 13, 2004. Petitioner partook unsuccessfully in a direct appeal of his conviction all the way to the Supreme Court of Pennsylvania, which denied his Petition for Allowance of Appeal on April 11, 2006.[1] Thereafter, on May 16, 2007, Plaintiff filed a *pro se* PCRA Petition, in which he requested appointment of counsel. On June 4, 2007, The Honorable Richard A. Lewis (hereinafter "Judge Lewis") appointed Attorney Engle to represent Plaintiff and granted Plaintiff 30 days to file an

---

[1] Plaintiff did not seek review by the Supreme Court of the United States.

1

amended PCRA petition. Attorney Engle sent Plaintiff an "introduction" letter on June 7, 2007, requesting that Plaintiff contact him if he had any materials or input with regard to the filing of an amended PCRA petition. Plaintiff allegedly wrote a letter to Attorney Engle on June 12, 2007, explaining that he could provide transcripts to Attorney Engle and asking Attorney Engle various questions about what materials or clarifying information he could provide to Attorney Engle that would be beneficial in the filing of an amended PCRA petition.

According to Plaintiff, Attorney Engle never responded to the June 12, 2007 letter, and on July 19, 2007, Plaintiff filed an untimely motion for an extension of time to file an amended PCRA petition, as well as a motion for transcripts. On July 26, 2007, Plaintiff sent Attorney Engle copies of transcripts as well as a second letter inquiring as to why the first letter had been unanswered, explaining his concern about the untimely motion for an extension of time, and again raising various inquiries about what materials would be beneficial towards the filing of an amended PCRA petition. Plaintiff avers that this second letter (from July 26, 2007) was also unanswered by Attorney Engle. Then, Plaintiff alleges, he sent a third and final letter to Attorney Engle on September 25, 2007 requesting a response from Attorney Engle to confirm that he received the first two letters. This third letter also went unanswered.

Although Attorney Engle allegedly failed to respond to all three of his letters, Plaintiff avers that on October 24, 2007, he did receive from Attorney Engle a Petition to Withdraw as PCRA Counsel, a Proposed Order dismissing Plaintiff's PCRA Petition, and a copy of Attorney Engle's "no merit" letter in which he explained to Plaintiff that he was ineligible for PCRA relief because the petition had been untimely filed and the issue raised therein were meritless. On October 28, 2007, Plaintiff filed an Answer to Attorney Engle's Petition to Withdraw, contending that the Petition was not untimely, that the issues raised therein indeed had merit, and

2

that Attorney Engle failed to review each issue in a diligent and zealous manner. On October 31, 2007, without holding an evidentiary hearing, Judge Lewis issued a Memorandum Opinion and Order notifying of the Court's intention to dismiss the PCRA petition within 20 days, and on November 20, 2007, Judge Lewis entered an Order dismissing the PCRA petition. Regarding the timeliness of Plaintiff's PCRA Petition, Judge Lewis disagreed with Attorney Engle and held that Plaintiff's PCRA Petition was in fact timely, but Judge Lewis agreed with Attorney Engle that the claims contained within Plaintiff's PCRA Petition lacked merit. PCRA Court Memorandum Opinion, 10/31/07, at 3-8. On December 11, 2007, Plaintiff initiated a *pro se* appeal of the dismissal to the Superior Court, and Attorney Norris Gelman ("Attorney Gelman") was appointed to represent Plaintiff in this appeal. Ultimately, on September 9, 2008, the Superior Court reversed Judge Lewis's Order dismissing Plaintiff's PCRA Petition, finding that Attorney Engle had been incorrect in asserting that Plaintiff's PCRA Petition was untimely and finding that Attorney Engle's representation amounted to Plaintiff being not represented at all; the Superior Court held that because Attorney Engle's Petition to Withdraw was based on the mistaken conclusion that the PCRA Petition was untimely, a conclusion was warranted that Attorney Engle failed to adequately review all of the issues raised therein. See Commonwealth v. Saterstad, No. 449 MDA 2007; 2092 MDA 2007, at 9 (Pa. Super. Ct. Sept. 9, 2008) (memorandum). Plaintiff makes a point to note that in reversing the dismissal, the Superior Court cited to Com. v. Owens, 718 A.2d 330 (Pa. Super. Ct. 1998),[2] a case in which Attorney

---

[2]    In Owens, a matter in which Attorney Engle represented the Commonwealth as an Assistant District Attorney, an individual by the name of Paul Owens unsuccessfully partook in a direct appeal of his conviction all the way to the Supreme Court of Pennsylvania, which denied his Petition for *Allocatur* on May 15, 1996. Owens chose not to take his direct appeal to the U.S. Supreme Court ("SCOTUS"), and on June 2, 1997, Owens filed a PCRA Petition in the Trial Court. The Trial Court dismissed Owens' PCRA Petition as untimely, reasoning that because his judgment became final on May 15, 1996 and he did not file his PCRA Petition until June 2, 1997, he failed to comport with 42 Pa.C.S.A. § 9545(b)(1) which requires a PCRA petition to be filed within one year of final judgment. Owens appealed the PCRA Court's dismissal, however, and the Superior Court reversed the dismissal, holding that the PCRA Court had incorrectly calculated the time appellant had to file a PCRA Petition.

3

Engle apparently attempted previously to raise the same invalid untimeliness argument that he raised with regard to Plaintiff's PCRA Petition. In reversing the dismissal on September 9, 2008, the Superior Court remanded to this Court so that Plaintiff could file an Amended PCRA Petition. With Attorney Gelman as appointed PCRA counsel, Plaintiff filed an Amended PCRA Petition, which was ultimately dismissed by the Superior Court on November 14, 2011.

In association with the aforementioned facts, Plaintiff filed a Complaint against Attorney Engle on May 7, 2009. An Amended Complaint followed on July 22, 2010. In the Amended Complaint, Plaintiff raises three counts against Attorney Engle in his Amended Complaint: (1) Intentional Abuse of Process; (2) Civil Conspiracy; and (3) a 42 U.S.C. § 1983 Civil Rights Violation.

First, with regard to Count I, Plaintiff avers that Intentional Abuse of Process is demonstrated by the following: (1) Attorney Engle's allegedly false averment in his Petition to Withdraw that Plaintiff's petition was time-barred when Attorney Engle knew from his close involvement with Owens that this was false; (2) Attorney Engle's failure to reply to any of

---

Specifically, the Superior Court held that the PCRA Court, in calculating the time Owens had to file a PCRA Petition, failed to take into account the time that Owens had to take his direct appeal to SCOTUS, which was 90 days from the Pa. Supreme Court's May 15, 1996 denial of *allocator*. According to the Superior Court, then, Owens' conviction did not become final until August 15, 1996, or the date on which his time to appeal to SCOTUS expired, and, therefore, his PCRA Petition filed on June 2, 1997 had been timely filed within one year of final judgment.

With regard to the instant matter, a timeliness issue similar to that in Owens was also of issue with respect to the first PCRA Petition that Plaintiff had filed in his criminal case. With regard to Plaintiff's direct appeal of his criminal conviction, his Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on April 11, 2006, and, thereafter, he filed his first PCRA Petition on May 16, 2007. In moving to withdraw as PCRA counsel, Attorney Engle argued that Plaintiff's Petition was untimely because it had been filed more than one year after the Pa. Supreme Court denied allowance of appeal and because the issues raised in the Petition lacked merit. Citing Owens, Judge Lewis disagreed with Attorney Engle's assertion that the Petition was untimely, but he nonetheless dismissed the Petition, holding that the issues raised therein lacked merit. When Plaintiff appealed Judge Lewis's dismissal, the Superior Court also cited Owens and stated that Attorney Engle erroneously failed to take in to account the 90 days from April 11, 2006 that Plaintiff had to take his direct appeal to SCOTUS (taking into account the extra 90 days, Plaintiff's judgment would have become final on July 10, 2006, and his PCRA Petition filed on May 16, 2007 would have been considered timely).

4

Plaintiff's various inquiries and letters for months; (3) Attorney Engle's alleged failure to engage in a meaningful review of Plaintiff's PCRA claims; (4) Attorney Engle's "inappropriate" filing of a proposed Order of dismissal of the PCRA Petition before first consulting with Plaintiff; (5) Attorney Engle's alleged violation of various Pennsylvania Rules of Professional Conduct and Rules of Procedure in filing his Petition to Withdraw as PCRA Counsel as well as in filing the Proposed Order dismissing Plaintiff's PCRA Petition. Plaintiff contends that Attorney Engle engaged in all of this conduct for the purposes of denying Plaintiff assistance of counsel, causing Plaintiff's PCRA claims to be dismissed, and causing Plaintiff financial and emotional injury. Furthermore, Plaintiff alleges that Attorney Engle acted out of self-interest and personal gain.

Second, with regard to the Civil Conspiracy count, Plaintiff claims that Attorney Engle conspired with Judge Lewis and other persons associated with the Dauphin County Court of Common Pleas to unlawfully deprive him of his PCRA rights. Plaintiff believes that a conspiracy is evidenced by Judge Lewis's approval of Attorney Engle's Petition to Withdraw and Judge Lewis's failure to discuss or address "obvious and fraudulent deficiencies" in Engle's representation of Plaintiff including: (1) Attorney Engle's allegedly false averment regarding the timeliness of Plaintiff's PCRA Petition; (2) Failure of Engle to communicate properly with Plaintiff throughout the representation; (3) Attorney Engle's alleged failure to access certain trial exhibits; (4) Attorney Engle's failure to consult with Plaintiff prior to filing the Proposed Order to dismiss the PCRA Petition; and (5) Attorney Engle's obvious failure to exercise diligent and meaningful review of the issues Plaintiff raised in his PCRA Petition.

Finally, with regard to his 42 U.S.C. § 1983 count, Plaintiff contends that Attorney Engle conspired with other individuals acting under color of state law, including Judge Lewis, to deprive Plaintiff of "honest services", court access, and due process rights. As damages, Plaintiff

5

seeks $50,000 in punitive damages from Attorney Engle with respect to the Abuse of Process count, and he seeks $50,000 in compensatory and punitive damages from Attorney Engle with respect to the Civil Conspiracy and § 1983 counts. On March 22, 2017, Attorney Engle filed a Motion for Summary Judgment as to all of the claims raised in Plaintiff's Amended Complaint. For the reasons set forth below, we will grant Attorney Engle's Motion for Summary Judgment.

## II. Discussion.

### A. The Summary Judgment Standard.

"In passing on a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and resolve any doubt in its favor." Swartley v. Hoffner, 734 A.2d 915, 918 (Pa. Super. Ct. 1999). An entry of summary judgment is appropriate "if there is no issue of material fact, and if the moving party is entitled to judgment as a matter of law." Shoats v. Comm'r, Pa. Dept. of Corr., 591 A.2d 326, 330 (Pa. Commw. Ct. 1991) (citation omitted). In order to withstand a motion for summary judgment, a non-moving party "must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ertel v. Patriot-News Co., 674 A.2d 1038, 1042 (Pa. 1996). A genuine issue of material fact is said to be absent "[w]hen the facts are so clear that reasonable minds cannot differ." Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d 1218, 1222 (Pa. 2002) (citation omitted).

### B. Abuse of Process.

The first count that Plaintiff raises against Attorney Engle is an abuse of process count. The Superior Court of Pennsylvania has described the tort of abuse of process as follows:

6

> The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of wrongful use of civil proceedings in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998), appeal denied, 729 A.2d 1130 (Pa. 1998). We find that Plaintiff's abuse of process count fails because he fails to allege facts which would establish the three requisite elements of an abuse of process claim. In raising the Abuse of Process claim, the acts of Attorney Engle with which Plaintiff takes most issue are: (1) Attorney Engle's raising of a timeliness argument that he should have known was invalid; (2) Attorney Engle's failure to consult with Plaintiff before filing the proposed Order to Dismiss the PCRA Petition; and (3) Attorney Engle's alleged failure to respond to Plaintiff's letters; and (4) Attorney Engle's failure to adequately review the issues contained within the PCRA Petition. While some of these action or inactions, may amount to poor judgment or poor representation on Attorney Engle's part, they do not quite rise to the level of Abuse of Process.

First, with regard to Attorney Engle's alleged failure to respond to Plaintiff's letters, such conduct would arguably amount to poor judgment and poor representation, but they would not amount to Abuse of Process. As the first element of an Abuse of Process claim suggests, a defendant must use a legal process against a plaintiff in order for conduct to be considered Abuse of Process. Failure to answer letters does not amount to the use of a legal process, and, therefore,

7

would not satisfy the first element of Abuse of Process claim. Second, with regard to Attorney Engle's failure to consult with Plaintiff before filing the proposed Order to Dismiss the PCRA petition, such act is not an unauthorized use of the legal process. A PCRA attorney is permitted to submit Petitions to Withdraw as PCRA counsel and Proposed Orders to Dismiss a PCRA petition, provided that the attorney provides the PCRA petitioner with a letter containing the following: (1) an indication that counsel had engaged in an independent review of the record, including an explanation of the nature and extent of counsel's review; (2) a listing of each issue that the petitioner wished to have reviewed; and (3) an explanation as to why counsel believed the issues to be meritless. Commonwealth v. Finley, 550 A.2d 213, 215 (Pa. Super. Ct. 1988).

Third, as for Attorney Engle's raising of an invalid timeliness argument, this does not rise to the level of abuse of process either. We recognize that it is somewhat curious that Attorney Engle attempted to raise the same timeliness argument against Plaintiff that he appears to have previously argued unsuccessfully in front of the Superior Court years earlier, especially when his previous argument to the Superior Court resulted in a reported decision rejecting his argument. However, while Attorney Engle's timeliness argument may have been somewhat misguided, Plaintiff falls short of providing facts to suggest that Attorney Engle's raising of that timeliness argument amounted to an intentional falsehood made primarily to accomplish a purpose for which the process was not designed. Additionally, Plaintiff cannot show that he suffered harm from Attorney Engle's invalid timeliness argument, as the argument played no part in the eventual dismissal of Plaintiff's PCRA Petition by the PCRA court; Judge Lewis *rejected* Attorney Engle's timeliness argument, and Judge Lewis's dismissal of the PCRA Petition was based on the merits of the issues raised therein. Thus, the timeliness argument raised by Attorney Engle had absolutely no bearing on the dismissal of the PCRA Petition by Judge Lewis.

8

*C. Civil Conspiracy.*

The second count that Plaintiff raises against Attorney Engle is a civil conspiracy count In order to state a claim for civil conspiracy, a complaint must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. Ct. 2000). "Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification." Reading Radio, Inc. v. Fink, 833 A.2d 199, 212 (Pa. Super. Ct. 2003). "The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 473 (Pa. 1979).

With regard to his Civil Conspiracy claim, Plaintiff fails to allege any facts to suggest any conspiracy between Judge Lewis and Attorney Engle. Plaintiff believes that a conspiracy is evidenced by Judge Lewis's "approval" of Attorney Engle's Petition to Withdraw and Judge Lewis's failure to discuss or address "obvious and fraudulent deficiencies" in Engle's representation. However, these facts are not indicative of a conspiracy.

First, just because Judge Lewis granted Attorney Engle's Petition to Withdraw as PCRA counsel does not indicate that there was a conspiracy. It is common practice for appointed PCRA counsel to submit petitions to withdraw as PCRA counsel, and Judges often grant these Petitions after an independent review of the merits of the relevant PCRA petitioner's claims. For a judge to grant counsel's Petition to Withdraw as PCRA Counsel does not in itself suggest a conspiracy between the Judge and PCRA Counsel; it simply indicates that the Judge, after an independent review of the PCRA claims, agrees with counsel's conclusion that the PCRA

9

Petitioner is not entitled to relief and that counsel should, therefore, be relieved of his or her duties to the PCRA Petitioner. Furthermore, while Plaintiff in the instant matter accuses Judge Lewis of ignoring Attorney Engle's incorrect timeliness argument, the opposite is in fact true. In dismissing Plaintiff's PCRA Petition, Judge Lewis stated that he expressly *disagreed* with Attorney Engle's timeliness argument and, instead, found that Plaintiff's Petition was timely per the dictate of Owens. Judge Lewis's dismissal was not based on the timeliness issue, but instead, the dismissal was based on Judge Lewis's review of the merits of the issues raised by Plaintiff in the Petition.

Second, even if Judge Lewis failed to discuss or address certain deficiencies in Engle's representation, there is still no evidence that the two conspired with each other. In dismissing Plaintiff's PCRA Petition, Judge Lewis determined that the issues raised therein lacked merit and issued a decision to dismiss accordingly. If Judge Lewis did fail to address certain deficiencies associated with Attorney Engle's representation, such deficiencies were nonetheless irrelevant to Judge Lewis's dismissal of the PCRA Petition because the dismissal was based upon the merits of the issues raised therein, rather than anything that Attorney Engle did or did not do. Thus, it cannot be inferred that Judge Lewis and Attorney Engle engaged in some sort of conspiratorial agreement to have the PCRA Petition dismissed.

D.  *42 U.S.C. § 1983 Claims.*

The third and final count that Plaintiff raises against Attorney Engle is raised pursuant to 42 U.S.C. § 1983. The purpose of 42 U.S.C. § 1983 is to "provide[] a private right of action against any person who, acting under the color of state or territorial law, abridges "rights, privileges, or immunities secured by the Constitution and laws" of the United States." Pa. Pharmacists Ass'n v. Houstoun, 283 F.3d 531, 534-35 (3d Cir. 2002). As such, in order to state

10

a claim under Section 1983, a plaintiff must establish that the deprivation of rights he allegedly suffered was "caused by the exercise of some right or privilege created by the State" and "that the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 923 (1982). This requirement means that the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." Albrecht v. Hamilton, 233 Fed.Appx. 122, 124 (3d Cir. 2007) (citations and internal quotation marks omitted). "It is well-established that a defense attorney, whether privately retained, court-appointed, or employed as a public defender, does not act under color of state law for purposes of section 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. (citing Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999)).

With respect to his Section 1983 claim, the rights of which Plaintiff alleges a deprival appear to include his access-to-courts right and his procedural due process right. With regard to the former, it had been held that "to establish a cognizable access to courts claim, a complainant must demonstrate that: (1) he suffered an 'actual injury' (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim." Williams v. Clancy, 449 Fed.Appx. 87, 89 (3d Cir. 2011) (citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)). Furthermore, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe, 536 F.3d at 205-06 (quoting Christopher v. Harbury, 536 U.S. 403, 416–17 (2002)). As for procedural due process, "[w]hile not capable of exact definition, the basic elements of procedural due process are adequate notice,

11

opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case." Com. v. Thompson, 281 A.2d 856, 858 (Pa. 1971) (citations omitted). A plaintiff asserting a procedural due process claim under § 1983 must introduce proof of damages arising from the alleged due process violation in order to recover actual damages. In the absence of proof of such damages, a plaintiff will only be able to recover nominal damages for a procedural due process violation. See Carey v. Piphus, 435 U.S. 247, 248 (1978). In attempting to make out his Section 1983 claim in the instant matter, Plaintiff contends that Attorney Engle conspired with other individuals acting under color of state law, including Judge Lewis, to deprive him of court access, and procedural due process rights. Based on this law above, however, we find that Plaintiff fails to state a Section 1983 claim for a deprival of either access-to-courts right or his procedural due process right.

First, as discussed above, Plaintiff fails to aver sufficient facts to support a finding that a conspiracy existed between Attorney Engle and Judge Lewis. Second, Plaintiff fails to establish that he suffered a deprivation of any federal rights that would justify § 1983 relief. Even if Attorney Engle could be considered a state actor, which defense attorneys generally are not, Plaintiff fails to aver sufficient facts to suggest that he was deprived of procedural due process rights or his right to access of courts. In his Amended Complaint, Plaintiff contends that as a result of Attorney Engle's allegedly wrongful acts, he sustained emotional distress, anxiety, and humiliation, and that he sustained $20,000 in additional filing and representation costs. Even if such damage did occur, however, it is not the type of damage that would amount to a loss of Plaintiff's procedural due process rights or a loss of his right to access of courts. An access of courts claim involves a showing that Plaintiff lost the opportunity to pursue a nonfrivolous claim in court, while a procedural due process claim would require Plaintiff to show that he had not

12

been given adequate notice, had not been given an opportunity to be heard, and had not being given chance to defend himself before a fair and impartial tribunal having jurisdiction of the case. No such damages are alleged here. In fact, after the Superior Court's September 2008 ruling that Attorney Engle's representation had been inadequate, a new attorney, Attorney Gelman, was appointed to represent Plaintiff as PCRA counsel, and Plaintiff was afforded the opportunity to pursue his PCRA claims with Attorney Gelman. As such, it cannot be said that Plaintiff lost the chance to pursue his PCRA claims because of the previous inadequate representation by Attorney Engle.

## III. Conclusion.

Considering the aforementioned, we find that the claims raised in Plaintiff's Amended Complaint are without merit, and, therefore, summary judgment in favor of Defendant is appropriate. Accordingly, we enter the following:

*(This space intentionally left blank)*

13

EDWARD H. SATERSTAD,  : IN THE COURT OF COMMON PLEAS
          Plaintiff  : DAUPHIN COUNTY, PENNSYLVANIA
                                :
                                :
          v.  : NO. 2009 CV 03567
                                :
                                :
JEFFREY B. ENGLE,  :
          Defendant  : CIVIL ACTION LAW

RECEIVED OFFICE OF PROTHONOTARY
2017 JUL 25 AM 11: 03
DAUPHIN COUNTY PENNA

## ORDER

AND NOW, to wit, this 25 day of July, 2017, upon consideration of

Defendant Jeffrey B. Engle's Motion for Summary Judgment on Plaintiff Edward H. Saterstad's

Amended Complaint, **IT IS ORDERED THAT** said Motion is **GRANTED** and that Plaintiff's

Amended Complaint is **DISMISSED** with prejudice.

BY THE COURT

_____
Andrew H. Dowling, Judge

Distribution:

Edward H. Saterstad, 1421 Harding Avenue, Hershey, PA 17033 (*Pro Se* Plaintiff)

Michael McAuliffe Miller, Esquire, Kevin M. Skjoldal, Esquire, Tricia S. Lontz, Esquire, ECKERT SEAMANS CHERIN MELLOTT, LLC, 213 Market Street, 8th Floor, Harrisburg, PA 17101 (Counsel for Defendant)

Lili Hagenbuch, Esquire, Deputy Court Administrator (Civil)

SEP 11 2017

I hereby certify that the foregoing is a true and correct copy of the original filed.

_____
Prothonotary

14